The motion for an injunction pending appeal is granted.

FORMER EMPLOYEES OF KERR FINISHING, INC., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 89-02-00097

(Dated November 1, 1989)

*Legal Services Agency of Western Carolina, Inc. (Andrew M. Jones, Jr.)* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division United States Department of Justice *(Jane E. Meehan);* of counsel: United States Department of Labor *(Gary Bernstecker),* for defendant.

OPINION

RESTANI, *Judge:* Plaintiffs challenge denial of certification of eligibility for trade adjustment assistance pursuant to 19 U.S.C. § 2272 (1988).[1] The court must determine whether the denial was based on substantial evidence in the administrative record and is in accordance with law. 19 U.S.C. § 2395(b) (1988).

---

[1] In order to certify a group as eligible for benefits, under subdivision (a) of that provision the Secretary of Labor must find:

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports or articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

Plaintiff's place of employment, the Kerr Finishing, Inc. plant at Travelers' Rest, South Carolina, was closed on December 7, 1988. The plant bleached, dyed, and finished apparel fabrics for various garment manufacturers. The product found to be "directly competitive" with the plant's production was "finished fabric." This does not appear to be a disputable point. Rather than increase, as required by section 2272(a)(3), imports of finished fabric declined in 1987 and further in 1988 in comparison with 1986 imports of the product. No alternative to the 1987–1988 period was suggested as the appropriate period of investigation.

Accordingly, the Secretary's denial of eligibility based on failure to satisfy the third requirement of section 2272(a) is sustained.